**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **Jamal Qureshi,**<br>**Plaintiff**<br><br>**v.**<br><br>**Akbar Bhimani, Muhammad Shariq Jamal, and HSWireless, LLC,**<br>**Defendants.** | ) | **Civil Action**<br>**File No. 4:22-cv-**<br><br><br>**Jury Demanded** |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW PLAINTIFF, Jamal Qureshi ("Mr. Qureshi" or "Plaintiff"), and complains of Akbar Bhimani, Muhammad Shariq Jamal and HSWireless, LLC (collectively, the "Defendants"), and for cause of action would respectfully show the Honorable Court as follows:

## I.
## INTRODUCTION AND SUMMARY OF SUIT

1. Plaintiff Jamal Qureshi sues the Defendants for unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and for a monthly gasoline and car allowance pursuant to substantive state law.

2. During the relevant period (i.e., the period of Plaintiff's employment), the individual Defendants – Akbar Bhimani and Muhammad Shariq Jamal – owned and operated electronics repair and retail businesses and a smoke shop, all located in and around Houston, Texas ("Defendants' Businesses").

3. Mr. Qureshi's primary duty for the Defendants was the transport and delivery of repaired electronic products from / to Defendants' customers, Defendants' business locations, and the various repair facilities Defendants engaged to perform repairs.

4. In violation of the FLSA, Defendants failed to pay Mr. Qureshi's overtime wages despite Plaintiff working in excess of 40 hours each week. Thus, pursuant to 29 U.S.C. § 207(a) and 29 U.S.C. § 216(b), Plaintiff seeks all unpaid overtime wages, liquidated damages, attorney's fees, all costs of the action, and post-judgment interest for Defendants' willful failure of the FLSA. Defendants' willful violation of the FLSA is evidenced, in part, by their unlawful attempt to have Mr. Qureshi waive his right to recover unpaid wages.

5. Additionally, in violation of substantive state law, Defendants failed to pay Mr. Qureshi a gasoline and car allowance of $500.00 a month as promised, for which he now sues.

## II.
## SUBJECT MATTER JURISDICTION AND VENUE

6. Mr. Qureshi files suit pursuant to the FLSA, a federal statute. 28 U.S.C. §1331.

7. Mr. Qureshi also brings related state substantive law claims that fall under this Court's jurisdiction pursuant to 28 U.S.C. §1367.

8. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

## III.
## PARTIES AND PERSONAL JURISDICTION

9. Plaintiff, **Jamal Qureshi**, is a resident of Harris County, Texas.

10. Defendant, **Akbar Bhimani**, is an individual who operates electronic repair facilities in and around Houston, Texas, by and through an unincorporated partnership with Defendant Muhammad Shariq Jamal. Among other registered trade names, this unincorporated partnership operates, or operated, during the relevant period under the following registered d/b/a's: (a) Antoine Wireless & Computers, (b) 45 Wireless & Computers, (c) Bammel Wireless & Computers, (d) Cell World, (e) Mireacom, and (f) House of Unlimited. Defendant Bhimani also operates similar electronic repair businesses by his ownership and management of Defendant HSWireless, LLC. Further, Defendant Bhimani owned / operated a smoke shop doing business

Bammel Smoke Shop. This Defendant may be served with summons, complaint, and the Court's initial Order at his residence at 3500 Woodchase Drive, Apt. 1605, Houston, Texas 77042-5506. Defendant Bhimani has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiff; and, by operating the aforementioned businesses, this Defendant is engaged in business in the State of Texas. For this reason, the Court has personal jurisdiction over Defendant Bhimani.

11. Defendant, **Muhammad Shariq Jamal**, is an individual who operates electronic repair facilities in and around Houston, Texas, by and through an unincorporated partnership with Defendant Akbar Bhimani. Among other registered trade names, this unincorporated partnership operates, or operated, during the relevant period under the following registered d/b/a's: (a) Antoine Wireless & Computers, (b) 45 Wireless & Computers, (c) Bammel Wireless & Computers, (d) Cell World, (e) Mireacom, and (f) House of Unlimited. Defendant Jamal also operates similar electronic repair businesses by his ownership and management of Defendant HSWireless, LLC. Further, Defendant Jamal owned / operated a smoke shop doing business Bammel Smoke Shop. This Defendant may be served with summons, complaint, and the Court's initial Order at his residence at 910 Slate Valley Lane, Spring, Texas 77373-3225. Defendant Jamal has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiff; and, by operating the aforementioned businesses, this Defendant is engaged in business in the State of Texas. For this reason, the Court has personal jurisdiction over Defendant Jamal.

12. Defendant, **HSWireless, LLC**, is a Texas limited liability company that may be served with summons and complaint by serving its duly appointed registered agent and managing member, Muhammad Shariq Jamal, at 910 Slate Valley Lane, Spring, Texas 77373-3225. This Defendant has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiff; and, by operating the aforementioned electronic repair businesses, HSWireless, LLC is

engaged in business in the State of Texas. For this reason, the Court has personal jurisdiction over Defendant HSWireless, LLC.

13. Whenever the complaint alleges that one or more Defendant committed any act or omission, it is meant that such act or omission was not only committed individually or jointly by those Defendants, but also by Defendants' officers, directors, vice-principals, agents, servants, or employees, and that at the time such act or omission was committed, it was done with full authorization, ratification or approval of Defendants or was done in the routine normal course and scope of employment of one or more Defendant's officers, directors, vice-principals, agents, servants, or employees.

## IV.
## FLSA COVERAGE

14. The "relevant period" refers to the statute of limitations period expressly set forth in the FLSA, and it thus refers to the time-period commencing on the date that is three years prior to the filing of this action, and continuing thereafter until time of jury verdict and judgment.

15. During the relevant period, each Defendant was an "employer". 29 U.S.C. § 203(d).

16. During the relevant period, Mr. Qureshi was an "employee". 29 U.S.C. § 203(e).

17. Defendants were an "enterprise" because they collectively owned and operated the businesses where Plaintiff worked, and they collectively employed Plaintiff for the duration of the relevant period. 29 U.S.C. § 203(r) and 29 U.S.C. § 203(s)(1)(A).

18. Likewise, during the relevant period, the Defendants together were an integrated enterprise because they collectively operated the businesses that Plaintiff's employment benefitted. *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983).

19. During the relevant period, Defendants were an enterprise engaged in commerce or in the production of goods for commerce because they had employees who were engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 203(s)(1).

20. For each year falling within the relevant period, Defendants had annual gross business volume in excess of the required minimum statutory amount.

21. During the relevant period, Plaintiff, his co-workers, and the individual Defendants were employees engaged in commerce or in the production of goods for commerce.

22. Each such employee, including the Plaintiff, and each individual Defendant, engaged in work that required the handling and/or sale of goods that had travelled into Texas from outside the state. Such goods included, without limitation, computers, laptops, mobile phones and other personal electronic devices.

23. Each such employee, including the Plaintiff, and each individual Defendant, also worked with equipment or operated machinery that was produced outside the state of Texas, including cash registers, electronic equipment and automobiles. Defendants and their employees also utilized instrumentalities of interstate commerce, including processing credit cards and accepting checks as payment for services the Defendants rendered.

## V.
## FACTS

24. Defendants employed Mr. Qureshi from April 6, 2020, until March 2, 2021.

25. During his employment, Mr. Qureshi's primary duty was the transport and delivery of repaired electronic products from / to Defendants' customers, Defendants' business locations, and the various repair facilities Defendants engaged to perform repairs.

26. The Defendants controlled Mr. Qureshi's terms and conditions of employment, including decisions relating to the non-payment of overtime wages, Plaintiff's hourly pay rate, and the number of hours Plaintiff worked during each workweek.

27. At the outset of his employment, Defendants informed Mr. Qureshi that he will be working more than 40 hours a week. Defendants further informed Mr. Qureshi that he will not receive any portion of his wages at the overtime premium required by the FLSA.

28. Mr. Qureshi indeed worked well in excess of 40 hours a week, and received no overtime pay. Plaintiff typically worked from 9 a.m. to 6 p.m., Monday through Saturday.

29. Mr. Qureshi was promised a weekly salary of $1,250.00, which Defendants chose to pay in cash. As such, the Defendants failed to create and maintain proper contemporaneous pay records as to Mr. Qureshi's wages.

30. Similarly, Defendants failed to create contemporaneous, accurate and complete time records indicating the weekly hours Mr. Qureshi worked for the Defendants.

31. Defendants knowingly and willfully failed to pay Mr. Qureshi's overtime wages, and he now sues for these unpaid wages.

32. Additionally, because the Defendants required Mr. Qureshi to use his vehicle to accomplish his job duties, they agreed to pay Mr. Qureshi a gasoline / car allowance of $500.00 a month. Defendants, however, failed to pay this agreed upon allowance, for which he now sues.

## VI.
## CAUSES OF ACTION AND DAMAGES SOUGHT

### ***Count 1: Violation of 29 U.S.C. § 207(a) – Failure to pay overtime wages***

33. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

34. Plaintiff was non-exempt under the FLSA, and no exemption excused Defendants' failure to pay Mr. Qureshi the weekly overtime wages he earned.

35. During his employment with the Defendants, Mr. Qureshi worked overtime hours on a weekly basis, and Defendants were aware that he worked such weekly overtime hours.

36. Week after week, Defendants knowingly, willfully, and with reckless disregard, carried out their illegal pattern and practice of not paying overtime wages to Mr. Qureshi.

37. Mr. Qureshi now sues to recover from the Defendants all unpaid overtime wages.

38. By failing to create contemporaneous, accurate and complete time records indicating the weekly hours Mr. Qureshi worked for the Defendants, they also committed repeated and willful violations of the FLSA's recordkeeping requirements and pertinent regulations promulgated in support. *See,* 29 U.S.C. §211(c); 29 C.F.R. §516. 29; and C.F.R. §516.27.

39. Plaintiff seeks liquidated damages in an amount equal to his overtime wages.

40. Further, Plaintiff seeks attorney's fees and costs for bringing this action pursuant to the FLSA. 29 U.S.C. §216(b) states that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

41. Plaintiff seeks post-judgment interest at the highest rate allowed by law, assessed upon all damages, including attorney's fees and costs.

### ***Count 2: Breach of Contract (unpaid monthly automobile allowance)***

42. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

43. Because the Defendants required Mr. Qureshi to use his vehicle to accomplish his job duties, they agreed to pay Mr. Qureshi a gasoline / car allowance of $500.00 a month.

44. Defendants, however, failed to pay this agreed upon allowance, and therefore disregarded a contractual duty owed to Mr. Qureshi.

45. As a result of Defendants' breach, Mr. Qureshi suffered damages and is entitled to recover, and herein seeks to recover, all damages to the maximum extent allowed under the law.

## VII.
## JURY DEMAND

46. Mr. Qureshi demands a jury trial.

## VIII.
## PRAYER FOR RELIEF

FOR ALL OF THESE REASONS, Plaintiff Jamal Qureshi respectfully requests that upon final hearing following the jury's verdict in favor of Mr. Qureshi, the Honorable Court grant relief by entering Final Judgment, jointly and severally, collectively and singularly, against Defendants Akbar Bhimani, Muhammad Shariq Jamal and HSWireless, LLC, as follows:

a. Declare the Defendants willfully violated 29 U.S.C. § 207 by not paying Plaintiff's overtime wages;

b. Order Defendants to pay Mr. Qureshi's unpaid overtime wages in the amount assessed by the jury;

c. Order Defendants to pay liquidated damages in an amount equal to Mr. Qureshi's unpaid overtime wages as assessed by the jury;

d. Declare the Defendants breached the parties' agreement pertaining to Defendants' obligation to pay Mr. Qureshi's automobile / gasoline allowance, and Order Defendants to pay all damages resulting from said breach;

e. Order Defendants to pay Mr. Qureshi's reasonable attorney's fees and all costs of litigation pursuant to 29 U.S.C. §216(b) and Tex. Civ. Prac. & Rem. Code §38.001;

f. Order Defendants to pay pre-judgment interest at the highest lawful rate for all assessed amounts other than overtime wages and liquidated damages; and,

g. Order Defendants to pay post-judgment interest at the highest lawful rate for all amounts assessed as overtime wages, liquidated damages and attorney's fees and costs under 29 U.S.C. § 216(b).

Respectfully submitted,

**ALI S. AHMED, P.C.**


By: *<u>/s/ Salar Ali Ahmed</u>*
**Salar Ali Ahmed**
Federal Id. No. 32323
State Bar No. 24000342
430 W. Bell Street
Houston, Texas 77019
Telephone: (713) 898-0982
Email: aahmedlaw@gmail.com

**Attorney for Plaintiff**
**Jamal Qureshi**