United States District Court
Southern District of Texas
ENTERED
July 30, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMAL QURESHI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-22-1507 |
| | § | |
| AKBAR BHIMANI, MUHAMMAD SHARIQ JAMAL, AND HS WIRELESS, LLC, | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

FINAL JUDGMENT AND ORDER FOR FEES, COSTS, AND DAMAGES

Pending before the Court is Plaintiff Jamal Qureshi's Motion for Entry of Final Judgment and Liquidated Damages, Attorney Fees, Costs and Post-Judgement Interest (Document No. 48). Having considered the motion, submissions, and applicable law, the Court determines that the motion should be granted.

## I. BACKGROUND

This case arises out of a labor dispute. Plaintiff Jamal Qureshi ("Qureshi") was employed by Defendant Akbar Bhimani and Defendant Muhammad Shariq Jamal (collectively, ("Defendants") as a courier for several cell phone repair and tobacco shops in the Houston area. Qureshi claimed he was not paid overtime over the course of his employment as required by the Fair Labor Standards Act ("FLSA"). Based on the foregoing, on May 11, 2022, Qureshi filed suit against the Defendants and their business, HS Wireless, LLC. On June 18, 2024, parties proceeded to trial. After a

two-day trial, a Jury found in favor of Qureshi, awarding him $22,031.25.[1] The Jury found both Defendants had employed Qureshi and owed him unpaid overtime wages.[2] However, the Jury found HS Wireless, LLC did not employ Qureshi and owed him no overtime wages.[3] Qureshi now moves for attorney fees and other items to be awarded by this Court.

## II. LAW & ANALYSIS

Qureshi contends he is entitled to an award of: (1) liquidated damages; (2) attorney fees; (3) court costs; (4) and post-judgment interest at the prevailing interest rate for federal judgments. The Court will consider each of Qureshi's requests in turn.

### A. *Liquidated Damages*

Qureshi contends that under the FLSA, he should be awarded liquidated damages of $22,031.25, a sum equal to the jury's awarded damages of $22,031.25. Defendants contend that liquidated damages are not mandatory in the present matter and offers a "more reasonable amount of liquidated damages … predicated on an

---

[1] *Jury Verdict in Favor of Jamal Qureshi,* Document No. 46 at 20.

[2] *Jury Verdict in Favor of Jamal Qureshi,* Document No. 46 at 17–19.

[3] *Jury Verdict in Favor of Jamal Qureshi,* Document No. 46 at 17.

amount similar to prejudgment interest … no more than $4,043.76."[4] The parties agree it is discretionary whether the Court awards liquidated damages in cases arising under the FLSA.

Under the FLSA, doubling an award is the norm, and the court's direction "must be exercised consistently with the strong presumption under the statute in favor of doubling." *Nero v. Indust. Molding Corp.*, 167 F.3d 921, 929 (5th Cir. 1999). Furthermore, "a district court may not exercise its discretionary authority to reduce or eliminate a liquidated damage award unless the employer sustains the 'substantial burden of persuading the court by proof that his failure to obey the statute was both in good faith and predicated upon reasonable grounds.'" *Reich v. Tiller Helicopter Servs., Inc.* 8 F.3d 1018, 1031 (5th Cir. 1993) (quoting *Mireles v. Frio Foods, Inc.*, 889 F.2d 1407, 1415 (5th Cir. 1990)).

Here, the burden is on Defendants to prove they attempted to follow the statute reasonably and in good faith. Defendants cite no evidence that reasonable attempts were made to adhere to the FLSA. Therefore, the Court finds no basis for using its discretion to reduce the award. Accordingly, the Court finds that an award of liquidated damages in the amount of $22,031.25 is appropriate. The Court now considers Qureshi's request for attorney fees.

---

[4] *Defendants' Response to Plaintiff's Motion for Entry of Final Judgment*, Document No. 51 at 2.

*B. Attorney Fees*

Qureshi contends his legal counsel is entitled to attorney fees under the FLSA. Qureshi produced a sworn declaration (the "Ahmed Declaration") of the attorney fees of legal counsel on the case, Salar Ahmed ("Ahmed").[5] The Ahmed Declaration indicates Mr. Ahmed billed 122.50 hours on the case.[6] Ahmed declared that his billable hour rate is $500.00.[7] Thus, the total amount of attorney fees requested are $61,250.00.[8] Defendants contend that Qureshi's attorney fees are excessive considering Qureshi's counsel's level of familiarity with FLSA cases, and the lack of complexity and difficulty in the present matter.

In the Fifth Circuit, the "lodestar" method is used to determine statutorily authorized attorney fees. *Forbush v. J.C. Penney Co.*, 98 F.3d 817, 821 (5th Cir. 1996). Under the lodestar method, the Court determines the reasonable hourly rate for the movant's attorney and the reasonable number of hours expended on the litigation by the movant's attorney. *Id.* The lodestar is calculated by multiplying the reasonable hourly rate by the reasonable number of hours. *Id.* Once the lodestar is

[5] *Plaintiff's Motion for Entry of Final Judgment*, Document No. 48, Exhibit A (*Declaration of Salar Ahmed*).

[6] *Declaration of Salar Ahmed*, *supra* note 5, at 6.

[7] *Declaration of Salar Ahmed*, *supra* note 5, at 6.

[8] 122.5 x $500.00 = $61,250.00.

initially determined, the Court may adjust the lodestar up or down to make the award of attorney fees reasonable. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The movant bears the burden of establishing the rate charged and reasonableness of the hours expended. *Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996). Once the lodestar analysis is complete, the Court may increase or decrease the award based on the factors provided in *Johnson v. Ga. Highway Exp., Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 800 (5th Cir. 2006) (per curiam).[9] The Court addresses the hourly rate and the number of hours in turn.

### 1. *Reasonable Hourly Rate*

Qureshi requests $500.00 as the hourly rate. To establish the reasonable hourly rate for the movant's attorney, the Court must consider the attorney's regular rate as well as the prevailing market rate, which is the rate "prevailing in the

[9] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717–19.

community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984). Evidence of the reasonableness of a proposed hourly rate must include an affidavit of the attorney performing the work and information about rates actually billed and paid in similar lawsuits. *Id.*

Here, Qureshi provides the Ahmed Declaration, wherein Mr. Ahmed states that the rate of $500 an hour is a reasonable rate in this district based upon his twenty years of experience and history of attorney fee awards. Qureshi also produces the affidavit of Josef Buenker ("Buenker") an attorney who practices in the Southern District of Texas in litigation arising under the FLSA.[10] In his affidavit, Buenker states that $500.00 is a reasonable billing rate customarily charged in Houston, Texas, for an attorney with Mr. Ahmed's experience, reputation, and ability.[11] Defendants provide a sworn declaration controverting Plaintiff's request for attorney fees, wherein attorney of record for Defendants, Keith Donati, states that $400.00 per hour is a more reasonable and necessary rate given his thirty-six years of experience.[12]

---

[10] *Plaintiff's Motion for Entry of Final Judgment*, Document No. 48, Exhibit A (*Affidavit of Josef Buenker*), at 8.

[11] *Affidavit of Josef Buenker*, *supra* note 10, at 8.

[12] *Defendants' Response in Opposition of Motion for Entry of Final Judgment*, Document No. 51, Exhibit 1 (*Declaration of Keith Donati*), at 2.

Under the lodestar method, the Court retains discretion to determine the reasonable hourly rate, which is the rate prevailing in the community for similar services by lawyers of reasonably comparable skill. Based on the foregoing, the Court find $500.00 is a reasonable hourly rate for Ahmed. The Court will therefore apply these rates to determine the appropriate amount of attorney fees. The Court now turns to the time expended.

*2. Reasonable Time Expended*

Qureshi requests an award based on the 122.5 hours billed by Ahmed. The party seeking attorney fees must present adequately documented time records to the Court. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). Using this time as a benchmark, the Court should exclude all time that is excessive, duplicative, or inadequately documented. *Id.* The hours surviving this vetting process are those reasonably expended in the litigation. *Id.* The Court examines both "whether the total number of hours claimed were reasonable and whether specific hours claimed were reasonably expended." *LULAC v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1232 (5th Cir. 1997).

In support of his request, Qureshi produces Ahmed's affidavit and billing records.[13] Defendants contend that the exclusion of excessive time billed is proper

[13] *Declaration of Salar Ahmed*, *supra* note 5, at 1–7, 10–15.

in several instances. First, Defendants contend 3.5 hours billed on April 30, 2022, is excessive to determine defendants against whom to file suit, especially in the context of a labor dispute where a plaintiff knows the identity of its employer.[14] Second, Defendants contend 4 hours billed over the course of the matter is excessive to calendar various deadlines. Third, Defendants contend 2.75 hours billed on February 21, 2024, is excessive to receive a motion for continuance and prepare a response. Fourth, Defendants contend 1.25 hours billed on February 27, 2024, is excessive to review a court order granting a motion for continuance. Fifth, Defendants contend that 1.5 hours billed on June 17, 2024, is excessive to correspond with the Court's case manager requesting Qureshi's absence from trial. Sixth, Defendants contend 15.25 hours billed during the trial week is excessive for trial preparation, referencing the thirty-minute voir dire, fifteen-minute opening statement, and examination outlines for three witnesses. Seventh, Defendants contend 6 hours billed on the second day of trial is excessive, noting for the Court that only closing arguments occurred on that date. Eighth, Defendants contend 8.25 hours billed on June 24, 2024, is excessive for drafting seven-page motions for entry of judgment and attorney's fees given the experience and expertise Ahmed claims.

---

[14] *Declaration of Keith Donati*, *supra* note 12.

Independent of Defendants contentions, the Court has carefully analyzed the billing records and task descriptions produced by Ahmed. In applying the lodestar analysis, the Court is tasked with determining the reasonable number of hours expended on the litigation by Ahmed. Based on the Court's analysis of the bill, the Court determines that a reasonable number of hours for this matter is 98 hours. Having determined the reasonable hourly rate and the reasonable number of hours expended, the Court calculates the amount of attorney fees to be awarded is $49,000.00.[15]

*C. Court Costs*

Qureshi requests costs of $857.00, consisting of $375.00 for process serving, $402.00 for filing fees, and $80.00 for parking during trial dates. Defendants do not dispute Qureshi's requested court costs.

The Court "may only award those costs articulated in [28 U.S.C. §] 1920 absent explicit statutory or contractual authorization to the contrary." *Cook Children's Med. Ctr. v. The New England PPO Plan of Gen. Consol. Mgmt., Inc.*, 491 F.3d 266, 274 (5th Cir. 2007) (quoting *Mota v. The Univ. of Tex. Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001)); *see* 28 U.S.C. § 1920. A party seeking costs must attach an affidavit "made by himself or by his duly authorized attorney or agent

[15] 98 x $500.00 = $49,000.00.

having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed." 28 U.S.C. § 1924. The Court may deny the award of certain costs if the supporting affidavit is too conclusory to allow the Court to make a reasonable determination as to necessity. *United States ex rel. King v. Solvay S.A.*, No. H-06-2662, 2016 WL 3523873, at *8 (S.D. Tex. June 6, 2016) (Miller, J.), *aff'd*, 871 F.3d 318 (5th Cir. 2017).

Here, Qureshi provided the amount of the court costs and confirmed them in the Ahmed Declaration.[16] Qureshi contends the costs were for necessary actions including lawsuit filing fees, perfecting service upon the Defendants, and for parking during the trial. The Court notes that fees associated with filing a lawsuit and serving Defendants in a matter are necessary in the litigation process. However, the Court declines to extend the same level of necessity to discretionary actions such as parking during the dates of trial, and note Ahmed had every opportunity to mitigate those costs including remaining in the vicinity of the courthouse during the Court's short recesses. Thus, the Court finds that the parking costs sought by Mr. Qureshi are unreasonable, and accordingly, award, $777.00 in costs.

---

[16] *Declaration of Salar Ahmed, supra* note 5, at 6.

*D. Post-Judgment Interest*

Qureshi contends he is entitled to post-judgment interest at the prevailing interest rate for federal judgment. Defendants do not dispute Qureshi is entitled to post-judgment interest. The Court therefore awards Qureshi post-judgment interest pursuant to 28 U.S.C. § 1961(a). The post-judgement interest rate the week of June 20, 2024, when judgment was entered, was 5.10%. Post-judgment interest will accrue at this rate.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Plaintiff Jamal Qureshi's Motion for Entry of Final Judgment and Liquidated Damages, Attorneys' Fees, Costs and Post-Judgement Interest (Document No. 48) is **GRANTED**. The Court further

**ORDERS** that Plaintiff is **AWARDED** damages in the sum of $22,031.25. The Court further

**ORDERS** that Plaintiff is **AWARDED** liquidated damages in the sum of $22,031.25. The Court further

**ORDERS** that Plaintiff is **AWARDED** attorney fees in the sum of $49,000.00. The Court further

**ORDERS** that Plaintiff is **AWARDED** court costs in the sum of $777.00. The Court further

**ORDERS** that Plaintiff shall recover post-judgment interest at the post-judgement rate of 5.10%, from the date of judgment until the date of payment.

**THIS IS A FINAL JUDGMENT.**

SIGNED at Houston, Texas, on this 30 day of July, 2024.

DAVID HITTNER
United States District Judge